IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AARON LEVON BURTON,**

      **Petitioner,**

v.

      Criminal Action No. 5:11cv88
      (JUDGE STAMP)

**UNITED STATES OF AMERICA,**
**DOJ,**
**FBOP,**
**TERRY O'BRIEN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 16, 2011, the *pro se* petitioner filed a "Notice and Demand for Discharge of Judgment.." The pleading was docked as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On that same date, the Clerk of the Court sent the petitioner a Notice of Deficient Pleading. On July 7, 2011, the petitioner filed a Court-approved form Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On July 11, 2011, the petitioner paid the $5.00 filing fee.

### II. FACTS

**A.    Conviction and Sentence**

On November 10, 2004, the petitioner pleaded guilty in the United States District Court for the Eastern District of Virginia to: (1) conspiracy to distribute and possess with intent to distribute marijuana, cocaine and cocaine base; (2) conspiracy to import cocaine and marijuana into the United States; and (3) conspiracy to launder money. On February 28, 2005, the petitioner was sentenced

to Life Imprisonment on Count 1, with 5 years supervised release; life imprisonment on Count 2 to be served concurrently with Count 1; and 240 Months imprisonment on Count 3 to be served concurrently with Count 1. On December 21, 2007, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court. See Criminal Docket For Case #4:04-cr-00087-WDK-JEB-1.[1] It does not appear that the petitioner ever filed a Motion to Vacate pursuant to 28 U.S.C. § 2255.

### III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed)." Minone v. McGrath, 435 F.Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's motion is unintelligible. It appears that he contends that he has been imprisoned for debt in prohibition of the Thirteenth Amendment to the United States Constitution which prohibits slavery or involuntary servitude. The petitioner also alleges that involuntary servitude constitutes "imprisonment for debt." The petitioner argues that the "Magistrate Judge of [t]his Court has a ministerial duty to DISCHARGE said Judgment and debt in accord with 28 U.S.C. §§ 2007, 2717, 3206, 3201(d), 3008 and 28 U.S.C. § 2041." (Doc. 1, p. 1). The petitioner maintains that he has delivered the "Bond" to the Secretary of the Treasury. For relief, the petitioner seeks an Order for Immediate Release for the Defendant, Aaron Levon Burton and this "Creditor, Attorney-in-Fact, live flesh-and-blood man who has been used as a surety for DEFENDANT." (Doc. 1, p.3).

---

[1]The docket is available for viewing on PACER.

In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petition (Doc. 1) be **DENIED AS UNINTELLIGIBLE, FAILING TO STATE ANY CLAIM ON WHICH RELIEF CAN BE GRANTED,** and dismissed from the docket.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 19, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE