IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AARON LEVON BURTON,

      Petitioner,

v.                                    Civil Action No. 5:11CV88
                                                               (STAMP)
UNITED STATES OF AMERICA, DOJ,
FBOP and TERRY O'BRIEN, Warden,

      Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING AS MOOT PETITIONER'S
INSTANT MOTION TO EXCEED PAGE LIMITATION**

I.  Procedural History

On June 16, 2011, the pro se[1] petitioner, Aaron Levon Burton, filed a "Notice and Demand for Discharge of Judgment." The pleading was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his "Notice and Demand for Discharge of Judgment," the petitioner argues that he has been imprisoned for a debt in violation of the Thirteenth Amendment. After receiving a notice of deficient pleading, the petitioner filed a court-approved form Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he seems to assert that he has been wrongfully imprisoned for a debt. This matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommended disposition pursuant to Local Rule of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Prisoner Litigation Procedure 2, <u>et seq</u>., and 28 U.S.C. §§ 1915(e) and 1915(A).

After conducting a preliminary review of the file, the magistrate judge issued a report and recommendation recommending that the petitioner's § 2241 petition be denied as unintelligible and dismissed from the docket. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation. On October 28, 2011, after receiving multiple extensions of time, the petitioner filed objections to the report and recommendation.[2] That same day, the petitioner also filed an "Instant Motion to Exceed Page Limitation as Framed," in which he requested to exceed the 30-page limit set by this Court in its order granting the petitioner's previous motion for leave to exceed the page limitation.[3] For the reasons

---

[2] On August 1, 2011, the petitioner filed a motion to extend time to file written objections. (ECF No. 13.) This Court granted that motion on August 2, 2011, extending the time to file objections until October 3, 2011. (ECF No. 14.) On September 6, 2011, the petitioner filed a petition to postpone/suspend the filing of written objections until he was released from the SHU. (ECF No. 19.) This Court granted that motion on September 7, 2011 and directed the petitioner to file any objections by November 3, 2011. (ECF No. 20.)

[3] On September 21, 2011, the petitioner filed a motion for leave to exceed the page limitation. (ECF No. 22.) This Court granted that motion the same day, directing that the petitioner's objections were not to exceed thirty (30) handwritten pages, including exhibits. (ECF No. 23.) This Court notes that the petitioner's objections, including exhibits, are fifty-three (53) pages in length. The petitioner's instant motion to exceed the

set forth below, this Court finds that the report and recommendation must be affirmed and adopted in its entirety and the petitioner's instant motion to exceed the page limitation must be denied as moot.

## II. Facts

On November 4, 2004, the petitioner pleaded guilty in the United States District Court for the Eastern District of Virginia to: (1) conspiracy to distribute and possess with intent to distribute marijuana, cocaine, and cocaine base; (2) conspiracy to import cocaine and marijuana into the United States; and (3) conspiracy to launder money. On February 28, 2005, the petitioner was sentenced to life imprisonment on Counts One and Two, and a term of 240 months imprisonment on Count Three, all to be served concurrently. On December 21, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F.

---

page limitation consists of forty-one (41) pages, including attachments.

Supp. 825 (E.D. Cal. 1979). The petitioner has filed objections in this case. Thus, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

The report and recommendation of the magistrate judge first notes that a district court should construe <u>pro se</u> petitions liberally, no matter how unskillfully pleaded. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (stating that the allegations of a <u>pro se</u> complaint are held to less stringent standards than formal pleadings drafted by lawyers). However, this Court agrees that principles requiring liberal construction of <u>pro se</u> pleadings are not without limits. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. <u>See</u> <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988). After all, district courts are not required to conjure up questions never squarely presented. <u>Beaudett</u>, 775 F.2d at 1278.

As the magistrate judge explains, the petitioner's motion is unintelligible. It seems that the petitioner attempts to argue that he has been imprisoned for debt in violation of the Thirteenth Amendment, which prohibits slavery or involuntary servitude. The report and recommendation concludes that the petitioner fails to

assert factual allegations that give rise to a valid basis for relief and thus, the court lacks authority to grant the relief requested.

The arguments presented in the petitioner's objections are similarly incomprehensible. First, the petitioner alleges that "[t]his claim constitutes a de facto in rem complaint for seizure and forfeiture proceeding under Rule C(1)(a) and (b)(2) and (3)(a) . . . and under the authority of the Emergency Banking Act . . . under the Trading with the Enemy Act." (Pet'r's Objs. 5.) Additionally, the petitioner argues that "relief can be granted under the authority of Suits in Admiralty Act." (Pet'r's Objs. 5.)

Ground Two of the petitioner's objections states "[t]he United States may not take possession of, dispense of, sell, or otherwise interfere with the debtor's normal use and enjoyment of an interest in the property of the United States . . . ." (Pet'r's Objs. 6.) Ground Three appears to reiterate the petitioner's claim that he has been imprisoned for a debt, which constitutes involuntary servitude. (Pet'r's Objs. 6-7.)

Next, the petitioner attempts to assert a counterclaim for "post settlement and closure of the account under public policy." (Pet'r's Objs. 8.) According to the petitioner, his claim is valid and authorized under "commercial law, color of law, Admiralty, Lex Mercantoria (Law Merchant), International Law, honor and the Law of Treaty, the supreme law of the Land." (Pet'r's Objs. 9.) In Section C of his objections, the petitioner asserts the "common law

remedy of confession and avoidance," citing Rule 8 of the Federal Rules of Civil Procedure. (Pet'r's Objs. 9.) Section D is titled "International Convention on Trade Law" and argues that "the petitioner is entitled to a remedy of discharge and return on capital interest." (Pet'r's Objs. 11.) Lastly, Section E asserts that "all commercial transactions are under Uniform Commercial Code authority." (Pet'r's Objs. 11-12.) In conclusion, the petitioner claims that this Court "should honor the petitioner's acceptance for honor and discharge this case to full post settlement and closure for value and consideration given on behalf of the petitioner/defendant." (Pet'r's Objs. 13.) The attachments to the petitioner's objections include receipts, affidavits, a portion of the USP Hazelton Inmate Information Handbook, a judgment from the United States Court for the Eastern District of Virginia, and the superseding indictment naming the petitioner. None of these documents serve to clarify any of the petitioner's claims.[4]

This Court finds that the petitioner's objections fail to explain or clarify the allegations presented in his "Notice and Demand for Discharge of Judgment" and in his § 2241 petition. Even if the laws cited by the petitioner could support a cause of action, neither his petition nor his objections include any facts in support of a cause of action. Accordingly, this Court agrees

---

[4]Some of these same documents are also attached to the petitioner's instant motion to exceed the page limitation.

that the petition must be denied as unintelligible and dismissed with prejudice.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge (ECF No. 9) should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 is DENIED and DISMISSED WITH PREJUDICE. Further, the petitioner's instant motion to exceed page limitation (ECF No. 25) is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 25, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE